UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bo Schuette, Civ. No. 25-2503 (PAM/ECW)

Plaintiff,

v. **MEMORADUM AND ORDER**

Menard Inc.,

Defendant.

---

This matter is before the Court on Plaintiff Bo Schuette's Motion for Miscellaneous Relief and Defendant Menard Inc.'s ("Menards") Motion to Enforce Settlement. (Docket Nos. 55, 63.) For the following reasons, Menards's Motion is granted and Schuette's is denied.

**BACKGROUND**

In brief, this lawsuit arises from a forklift incident at a Menards in which Schuette alleges he was injured. On November 3, 2025, Magistrate Judge Elizabeth Cowan Wright issued a Protective Order, which provided that a party could designate a document as confidential if the party "contends that it contains confidential or proprietary information." (Docket No. 20 at 2.)

At a motion hearing in March 2026, Judge Wright ordered Menards to provide supplemental answers to interrogatories and supplemental responses to requests for production. Judge Wright stated, "the protective order can be used by Menard[s] with respect to any of this information. It has a confidential information provision. It has an attorneys' eyes only information provision." (Mot. Hr'g Tr. (Docket No. 47) at 43:25-

44:4.) Judge Wright continued that, "Menard[s] can designate the information if plaintiff wants to challenge it. You can challenge it, and we'll sort that out. But that should not be a reason not to produce the information." (Id. at 44:4-7.) Menards then produced supplemental discovery responses and, as relevant here, designated two interrogatory responses as "attorney's eyes only." One of those responses referenced another injured party who is represented by Schuette's counsel here in a different action against Menards.

On May 13, 2026, the parties notified the Court that this case settled through private mediation. (Docket No. 54.) On June 11, 2026, Schuette signed and notarized a release of all claims, which stated in part that, "Plaintiff accepts payment herein as full consideration and final settlement of all claims, rights and damages he has or may have against the Released Parties arising from the Incident and Lawsuit identified in this document." (Decl. of Jeffrey Niesz (Docket No. 67) Ex. A at 2.) On June 17, 2026, Menards mailed a settlement check and included a stipulation of dismissal and proposed order for Schuette's review and signature. (Id. Ex. F.) On June 23, 2026, Schuette's counsel confirmed received of the settlement check. (Id. Ex. B.) Menards emailed a copy of the stipulation for dismissal and settlement check. (Id. Ex. C.) Schuette's counsel subsequently indicated that he will not sign the stipulation of dismissal, as he does not believe Menards's interrogatory answers were subject to the protective order. (Id. Ex. D.)

Schuette never challenged the confidential designation in the supplemental responses before settling the case. These Motions followed.

**DISCUSSION**

Menards moves the Court to enforce settlement, dismiss the case with prejudice, and strike Schuette's Motion and corresponding sealed exhibit containing the confidential responses. "It is well established that a district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." Butler v. LeeAnn Chin's Cuisine, Civ. No. 07-3317, 2008 WL 819767, at *2 (D. Minn. Mar. 25, 2008) (Graham, M.J.) (quotation omitted).

Menards points to Kramer v. Boeing Co., in which, after the case settled, plaintiffs' counsel refused to return documents produced under a protective order because he wanted to use the information in another lawsuit. 134 F.R.D. 256, 258 (D. Minn. 1991). In granting a motion to enforce the parties' settlement agreement the Court found that "[plaintiffs' attorney] cites no persuasive authority . . . to justify his disregarding the parties' settlement agreement and the court's protective orders" and that the plaintiffs would not benefit from their counsel's motion to retain certain documents subject to a protective order. Id. at 258. Further, the Court concluded that "the terms of the settlement agreement suggest strongly that [plaintiffs' attorney's] continued assertion of a right to possess the documents . . . conflicts with [plaintiffs'] interest in the uncontested, steady receipt of payments under the . . . settlement agreement." Id. So too here.

This case has settled. Schuette stipulated to the release of "all claims, rights and damages he has or may have . . . arising from the Incident and Lawsuit," (Decl. of Jeffrey Niesz Ex. A at 2), and waived his rights in this litigation, including those to challenge designations made under a protective order. See Mgmt. Registry Inc. v. A.W. Companies,

Inc., Civ. No. 17-5009, 2019 WL 5388488, at *5 (D. Minn. Oct. 22, 2019) (finding that failing to follow procedure to timely oppose a confidentiality designation under a protective order was fatal to the party's request). The Court finds that Schuette's interest in receiving payment and settling this matter far outweighs his attorney's interest in using the information learned here in a different lawsuit. Although he is correct that the Protective Order survives settlement, there is a meaningful distinction between a protective order surviving settlement and the ability to keep litigating a protective order after settlement. Therefore, the Court grants Menards's Motion to Enforce Settlement and denies Schuette's Motion for Miscellaneous Relief.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant Menard Inc.'s Motion to Enforce Settlement (Docket No. 63) is **GRANTED**;
2. Plaintiff Bo Schuette's Complaint (Docket No. 1) is **DISMISSED with prejudice** and his Motion for Miscellaneous Relief (Docket No. 55) is **DENIED**; and
3. The Clerk of Court shall **STRIKE** Docket Nos. 59 and 59-1.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 10, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge